## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : Chapter 13 |
| | : Case No. 16-11837-jkf |
| KEITH L. THORNE, and | : Consent Order Settling |
| FRANCEINA THORNE, | : Capital One Auto Finance, |
| Debtors | : a division of Capital One, N.A.'s |
| | : Motion For Relief From The Automatic |
| | : Stay Pursuant To 11 U.S.C. § 362 |

AND NOW, this ___ day of _____, 2019, this matter having come before this Court upon application of Capital One Auto Finance, a division of Capital One, N.A. (hereinafter referred to as *"COAF"*), a secured creditor of the above-named Debtors, by its counsel, for relief from the automatic stays pursuant to 11 U.S.C. § 362;

AND it appearing that Debtors, *Keith L. Thorne and Franceina Thorne*, through Debtors' attorney, *Michael A. Cataldo, Esquire*, have reached an agreement with regard to said Motion for Relief regarding a 2013 TOYOTA Camry Sedan 4D LE I4, V.I.N. 4T1BF1FK0DU719684 (the "Vehicle"), as per the terms contained in this Order;

AND, it appearing that Debtor, Franceina Thorne is indebted to *COAF* on a loan which enabled Debtors to purchase said Vehicle, which loan terms are set forth in a Retail Installment Contract (the "Contract"); and

It appearing that *COAF* is the holder of a secured claim against the Debtor and;

It appearing that the Debtors are in arrears post-petition in the amount of *$1,421.30* ($1,115.30 in missed payments, plus $306.00 in attorney's fees and costs) as of July 3, 2019;

It appearing that the Debtors and *COAF* have reached an agreement to cure post-petition arrears and attorney's fees and costs, the Debtors agree to pay *$236.89* monthly beginning July 14, 2019 for the next six (6) months (with payments due on the fourteenth of each month) to cure said arrears, while making regular monthly post-petition payments ($234.22 per the Contract) due under the Contract beginning with the July 14, 2019 payment for a total monthly payment from July 14, 2019 through December 14, 2019 of *$471.11*, wherefore,

It is hereby ORDERED and DECREED that if Debtors shall fail to make the regular monthly payment (or any portion thereof) or fail to make payment toward the curing of the arrears

as set forth above and Debtors fail to cure said default within ten (10) days after notice by *COAF* (or its counsel) of said default, counsel for *COAF* may file a Certification of Default with the Court setting forth Debtors' default and *COAF* shall be granted immediate relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362), and *COAF* is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law. The Debtors shall be allowed to default and cure such default under this Consent Order one (1) time. Should Debtors default a second (2nd) time, notice of the default will be served, but the Debtors will not be granted an opportunity to cure the default and counsel for *COAF* may file a Certification of Default with the Court setting forth Debtors' default and *COAF* shall be granted immediate relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362).

It is **FURTHER ORDERED** and **DECREED** that in the event Debtors convert to a bankruptcy under any Chapter other than Chapter 13 of the Bankruptcy Code then Debtors shall pay all pre-petition arrears and post-petition arrears within fifteen (15) days from the date the case is converted from Chapter 13 to any other Chapter. If Debtors fail to make payment in accordance with this paragraph then *COAF*, through Counsel, may file a certification setting forth said failure and *COAF* shall be granted immediate relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362) and *COAF* is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law.

The failure by *COAF*, at any time, to file a Certification of Default upon default by the Debtors shall not be construed, nor shall such failure act, as a waiver of any of *COAF's* rights hereunder.

This Order is a supplement and in addition to the Contract and not in lieu thereof.

Facsimile signatures shall be accorded the same force and effect as an original signature, and may be submitted to the Court.

It is further Ordered that the fourteen (14) day stay provided by Rule 4001(a)(3) is hereby waived.

BY THE COURT:

_____
Hon. Jean K. FitzSimon
U.S. BANKRUPTCY JUDGE

Post-Petition Arrears:    $ 1,115.30
Counsel Fees:             $   306.00
*Total:*                  *$ 1,421.30*

Creditor: Capital One Auto Finance,
a division of Capital One, N.A.
By Counsel: Mester & Schwartz, P.C.

By: _____
Jason Brett Schwartz, Esquire
Mester & Schwartz, P.C.
1333 Race Street
Philadelphia, PA 19107
(267) 909-9036

DATED: 7/31/19

Seen and agreed to -- We hereby consent to the form and entry of the foregoing Order.

Debtors: Keith L. Thorne and Franceina Thorne
By Counsel for Debtor: Michael A. Cataldo, Esquire

By: _____
Michael A. Cataldo, Esquire
Cibik & Cataldo, P.C.
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
(215) 735-1060

X _____
Debtor

DATED:

Chapter 13 Trustee:

By: /s/ Polly A. Langdon
    Scott F. Waterman, Esq.
    Chapter 13 Trustee
    2901 St. Lawrence Ave., Suite 100
    Reading, PA 19606
    (610) 779-1313

Please send copies to:

Keith L. Thorne
Franceina Thorne
1806 North 76th Street
Philadelphia, PA 19151

Michael A. Cataldo, Esq.
Cibik & Cataldo, P.C.
1500 Walnut Street, Suite 900
Philadelphia, PA 19102

Scott F. Waterman, Trustee
2901 St. Lawrence Ave., Suite 100
Reading, PA 19606

Office of the U.S. Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107

Jason Brett Schwartz, Esquire
Mester & Schwartz, P.C.
1333 Race Street
Philadelphia, PA 19107