United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                              Case No. 16-11837-jkf
Keith L. Thorne                                                     Chapter 13
Franceina Thorne
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: admin              Page 1 of 2               Date Rcvd: Mar 06, 2020
                              Form ID: 3180W           Total Noticed: 16

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 08, 2020.
db/jdb         +Keith L. Thorne,    Franceina Thorne,    1806 North 76th Street,    Philadelphia, PA 19151-2019
13736870      +++Capital One Auto Finance,    c/o AIS Portfolio Services, LP,    4515 N. Santa Fe Ave. Dept APS,
                 Oklahoma City, OK 73118-7901
13755720       +Office of UC Benefits Policy,    Department of Labor and Industry,    Office of Chief Counsel,
                 651 Boas Street, 10th Floor,    Harrisburg,  PA 17121-0751
13692806       +PGW,    Legal Dept. 4th Floor,    800 W. Montgomery Avenue,    Philadelphia, PA 19122-2806
13692808       +Police And Fire Fcu,    901 Arch St,    Philadelphia, PA 19107-2495
13714022       +Toyota Motor Credit Corporation,    PO Box 9013,    Addison, Texas 75001-9013
13881445       +Wilmington Savings Fund Society FSB,    dba Christiana Trust not indiv but trus,
                 for Pretium Mortgage Acquisition Trust,    c/o Selene Finance LP, 9990 Richmond,
                 Ave, Ste 400 S, Houston, TX 77042-4559

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: megan.harper@phila.gov Mar 07 2020 03:08:39      City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Mar 07 2020 03:07:49
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Mar 07 2020 03:08:10      U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,   Philadelphia, PA 19106-4404
13692793        E-mail/Text: megan.harper@phila.gov Mar 07 2020 03:08:39      City Of Philadelphia,
                 Major Tax Unit/Bankruptcy Dept.,    1401 JFK Blvd, Room 580,   Philadelphia, PA 19102
13692792       +E-mail/Text: ecf@ccpclaw.com Mar 07 2020 03:07:04       Cibik and Cataldo, P.C.,
                 1500 Walnut Street,    Suite 900,    Philadelphia, PA 19102-3518
13776467        EDI: Q3G.COM Mar 07 2020 07:53:00       Department Store National Bank,    c/o Quantum3 Group LLC,
                 PO Box 657,    Kirkland, WA  98083-0657
13692800        EDI: IRS.COM Mar 07 2020 07:53:00      I.R.S.,    P.O. Box 7346,   Philadelphia, PA  19101-7346
13776688       +EDI: MID8.COM Mar 07 2020 07:53:00      MIDLAND FUNDING LLC,    PO Box 2011,
                 Warren, MI 48090-2011
13739068       +E-mail/Text: bankruptcygroup@peco-energy.com Mar 07 2020 03:07:15       PECO Energy Company,
                 Attn: Merrick Friel,    2301 Market Street, S23-1,    Philadelphia, PA 19103-1380
                                                                                              TOTAL: 9

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '+++' were transmitted to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(e).


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 08, 2020                             Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 5, 2020 at the address(es) listed below:
              BARBARA A. FEIN    on behalf of Creditor   Toyota Motor Credit Corporation bfein@sanddlawyers.com,
               mhanford@sanddlawyers.com
              JASON BRETT SCHWARTZ    on behalf of Creditor   Capital One Auto Finance
               jschwartz@mesterschwartz.com
              JEROME B. BLANK    on behalf of Creditor   Wilmington Savings Fund Society, FSB DBA Christiana
               Trust etal paeb@fedphe.com
              MATTEO SAMUEL WEINER    on behalf of Creditor   Toyota Motor Credit Corporation
               bkgroup@kmllawgroup.com

```
District/off: 0313-2          User: admin              Page 2 of 2               Date Rcvd: Mar 06, 2020
                              Form ID: 3180W           Total Noticed: 16
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

          MICHAEL A. CATALDO2   on behalf of Debtor Keith L. Thorne ecf@ccpclaw.com, igotnotices@ccpclaw.com
          MICHAEL A. CATALDO2   on behalf of Joint Debtor Franceina  Thorne ecf@ccpclaw.com, igotnotices@ccpclaw.com
          MICHAEL A. CIBIK2   on behalf of Debtor Keith L. Thorne ecf@ccpclaw.com,  igotnotices@ccpclaw.com
          MICHAEL A. CIBIK2   on behalf of Joint Debtor Franceina  Thorne ecf@ccpclaw.com, igotnotices@ccpclaw.com
          POLLY A. LANGDON   on behalf of Trustee FREDERICK L. REIGLE ecfmail@readingch13.com
          POLLY A. LANGDON   on behalf of Trustee SCOTT F. WATERMAN (Chapter 13) ecfmail@readingch13.com
          ROBERT PATRICK WENDT   on behalf of Creditor   Wells Fargo Bank, NA paeb@fedphe.com
          SCOTT F. WATERMAN (Chapter 13)   ECFMail@ReadingCh13.com
          United States Trustee   USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM  MILLER*R   on behalf of Trustee WILLIAM  MILLER*R ecfemail@FredReigleCh13.com, ECF_FRPA@Trustee13.com

                                                                                                                       TOTAL: 14

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Keith L. Thorne** <br> First Name   Middle Name   Last Name | Social Security number or ITIN   **xxx−xx−8188** <br> EIN   _ _−_ _ _ _ _ _ _ |
| Debtor 2 <br> (Spouse, if filing) | **Franceina Thorne** <br> First Name   Middle Name   Last Name | Social Security number or ITIN   **xxx−xx−7149** <br> EIN   _ _−_ _ _ _ _ _ _ |
| United States Bankruptcy Court   **Eastern District of Pennsylvania** | | |
| Case number:   **16−11837−jkf** | | |

# Order of Discharge                                                                                                              12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

    Keith L. Thorne                                        Franceina Thorne

    <u>3/5/20</u>                                                **By the court:**     <u>Jean K. FitzSimon</u> <br>
                                                                                   United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

    ♦ debts that are domestic support obligations;

    ♦ debts for most student loans;

    ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

                                            **For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**